LEE RUDD - 2819
Attorney for Plaintiff
P.O. Box 57782
Salt Lake City, Utah 84157-7782
Telephone: (801) 274-8440
E-mail: leerudd@ruddlaw.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy No. 10-30254 |
| MARIA ELSA RODRIGUEZ-KNIGHT ) | |
| ) | Chapter 7 |
| Debtor(s). ) | |
| ) | Judge:  William T. Thurman |
| ) | |
| KNIGHT, Parker W. ) | |
| ) | Adversary No. |
| Plaintiff(s), ) | |
| vs. ) | |
| ) | |
| RODRIGUEZ-KNIGHT, Maria Elsa ) | |
| ) | |
| Defendant(s). ) | |

---

### COMPLAINT TO DETERMINE DISCHARGEABILITY
and
### DETERMINATION OF A SECURED CLAIM - IT's VALIDITY, EXTENT, PERFECTION
### (RECORDING) and PRIORITY OF ENCUMBRANCE (LIEN)
and
### DENIAL OF DISCHARGE

---

Plaintiff, Parker W. Knight (hereinafter referred to as "PARKER"), alleges and complains against the Defendant, Maria Elsa Rodriguez-Knight (hereinafter referred to as "ELSA"), as the occasion may require.

*Complaint - Knight vs. Rodriguez-Knight*

## PARTIES

1.      Plaintiff is a resident of the State of New York.

2.      Defendant is a resident of the State of Utah; and this cause of action arose in the State of Utah.

## JURISDICTION & VENUE

3.      This action is a core proceeding under 28 U.S.C. §157 (b)(2).

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. §157 (a) and 1334 (b) & (e).

5.      Venue is proper under 28 U.S.C. Section 1409.

6.      This action is brought pursuant to Bankruptcy Rule 700l (2), (6), (7), (8) & (9).

## FACTUAL BACKGROUND

7.      The real property and improvements located at 2920 West 3600 South, Heber City, Wasatch County, Utah 84035 that are the subject of all documents, claims, disputes, etc. of this case are and more fully described as follows:

   a.      See description attached as Exhibit A-1 - the base or original PROPERTY.

                                    [0091-0-014-044]

   b.      See description attached as Exhibit A-2 - the EXPANDED PROPERTY.

                          [0091-0-014-044] & [0091-1-014-044]

8.      On or around February 21, 1996, Plaintiff (PARKER) loaned money ($47,000.00) to his sister-in-law, Maria Elsa Rodriguez-Knight, and her husband (PARKER's brother), Peter D. Knight (hereinafter referred to as "PETER").

9.      As the result of said loan ELSA executed a Note and Trust Deed, dated February 21, 1996, which was recorded on July 1, 1997,  as Entry Number 00195389, in Book 0352, Page 104, at the Wasatch County Recorder's Office, Heber City, Utah on the PROPERTY. (See Exhibit "B").

10.     The borrowed money was used to retire a high-interest loan they incurred in connection with the purchase of the PROPERTY, and other family debts and  living expenses.

11.     PARKER required collateral for the loan and was given a Second (2nd) Trust Deed on the

Debtor(s)' principal residence, which as detailed in paragraph 9 above was executed by ELSA, since she was the only fee title holder. (See Exhibit A-1).

12. At all times since the purchase of the PROPERTY, except as detailed hereafter, by mutual agreement of ELSA and PETER, the recorded fee title was to be held solely in ELSA's name, even though both considered and were the purchasers, joint owners and joint possessors. Further, PETER had pre-martial money for the downpayment and has made all payments on all loans since purchase.

13. From at least October 8, 2004 to November 22, 2004, recorded title to the PROPERTY and EXTENDED PROPERTY was held jointly by ELSA and PETER.

14. Because of the close family relationship, PARKER deferred payments on said Note.

15. In early 1998, PETER and ELSA asked PARKER to release his Trust Deed (Exhibit "B"), so PETER and ELSA could refinance the first mortgage on said Property.

16. As the result of said request, PARKER directed Trustee John L. McCoy to execute and record a Deed of Reconveyance concerning Exhibit "C."

17. On or around February 3, 1998, Trustee John L. McCoy executed a Deed of Reconveyance, which was recorded on April 17(?), 1998, as Entry No. 00202567, Book ??, Page ??. (See Exhibit "C" - ? Unable to read numbers).

18. On or around April 9, 1998, ELSA executed a Trust Deed in regards to a mortgage from Assurance Mortgage Corporation of America for $122,500.00, which was recorded on April ?, 1998, Entry No. ????, Book ??, Page ??.

19. The refinancing occurred immediately after the recording of the Deed of Reconveyance from PARKER, even though his note was not paid.

20. Subsequently thereto and shortly after the refinancing, ELSA executed a new Trust Deed to PARKER on May 7, 1998, which was recorded on June 1, 1998, Entry No. 00203688, Book 0384, Page 0280; thus granting, renewing and preserving PARKER's secured position on the concerned PROPERTY and EXTENDED PROPERTY. (See Exhibits "D" and "E").

21. Again, because of the close family relationship, PARKER deferred payments on said Note.

22. In 2004 PETER AND ELSA, again determined it was in their best joint interest to refinance the senior mortgage on the concerned PROPERTY.

*Complaint - Knight vs. Rodriguez-Knight*

23.    PARKER was again asked to release his Trust Deed, so ELSA could refinance a senior mortgage obligation, as all had done before in 1998.

24.    ELSA and PETER agreed to re-execute a Trust Deed, to again put PARKER in a secured second position on the concerned PROPERTY.

25.    As the direct result of the request of PETER and ELSA, and their joint mutual assurances to execute a new Trust Deed after the closing of the refinancing, PARKER directed Equity Title Insurance Agency, Inc. to execute and record a Deed of Reconveyance of Exhibit "F".

26.    On or around October 21, 2004, as Substituted Trustee, Equity Title Insurance Agency, Inc. executed a Deed of Reconveyance, which was recorded on November 3, 2004, as Entry No. 00276703 Book 0720, Page 0394. (See Exhibit "F").

27.    On or around December 29, 2004, ELSA executed a Deed of Trust with Provident Funding Associates, LP (MERS),  which was  recorded January 5, 2005, as Entry No. 00278606, Book 0730, Page 0396 at the Wasatch County Recorders's Office, Heber City, Utah. (See Exhibit "G").

28.    The refinancing occurred some 56 days after the recording of the Deed of Reconveyance from PARKER, which note had not been paid, even though the Deed of Reconveyance falsely said otherwise.

29.    However, ELSA did not executed a new Trust Deed to PARKER; and has not executed such a Trust Deed to this day. PARKER filed a State Court action and Lis Pendens to obtain his secured interest. See Exhibit "I").

30.    In December, 2007, ELSA and PETER separated and ELSA moved out of the EXPANDED PROPERTY.

31.    On or around August 28, 2008 ELSA filed for divorce from PETER, which action is still pending in State Court; and filed a Notice of Lis Pendens. (See Exhibit "H").

32.    On or around February 13, 2009 PETER's right to possession with his children of the PROPERTY was affirmed by the Fourth Judicial District Court, Wasatch County, State of Utah in an ORDER ON MOTION FOR TEMPORARY ORDERS, in the parties divorce proceedings. (See Exhibit "J," paragraph 8).

33.    On or around April 5, 2010, PETER's right to possession with his children of the

*Complaint - Knight vs. Rodriguez-Knight*

PROPERTY was again affirmed by the Fourth Judicial District Court, Wasatch County, State of Utah in a RULING AND ORDER, in the parties divorce proceedings. (See Exhibit "K," paragraph The Marital Home, page 4).

34.     As disclosed in Exhibits "J" & "K," the divorce court ( the Fourth Judicial District Court, Wasatch County, State of Utah, Civil No. 084500107) has not ruled on the ownership of the marital property, including the EXPANDED PROPERTY, but has inferred by prior Orders that the EXPANDED PROPERTY will be split 50-50 between ELSA and PETER.

35.     On or around July 29, 2010, ELSA filed a Chapter 7 Petition in the US Bankruptcy Court, District of Utah, Salt Lake City, Utah, Case No. 10-30254.

36.     On or around September 1, 2010, ELSA and her attorney appeared and attended the first meeting of creditors.

37.     Prior to said §341 Meeting, ELSA filed Statements and Schedules that failed to adequately disclose the transactions with Plaintiff (PARKER), PETER's equitable claim to the EXPANDED PROPERTY, and a recorded Deed of Trust on the EXPANDED PROPERTY to Victoria M. Rodriguez, ELSA's mother, dated November 20, 2008 and recorded November 21, 2008. (See Exhibit "L").

38.     ELSA surrendered physical possession of the concerned home and real property in December, 2007.


## FIRST CAUSE OF ACTION

(Denial of Discharge under Section 523(a)(2)(A)

39.     Plaintiffs incorporate herein paragraphs 1 through 38 as if specifically enumerated herein.

40.     That PARKER in reliance upon ELSA's misrepresentations, acting reasonably and in ignorance of the falsity of the representations, was induced to request the execution of a Deed of Reconveyance. (See Exhibit "F").

41.     Upon information and belief, ELSA obtained the release of PARKER's second secured position on the PROPERTY, by the false pretenses, false representations, or actual fraud of ELSA.

42.     Upon information and belief, ELSA knew or should have known that PARKER had not been

paid.

43.    Upon information and belief, ELSA received the benefit of her misrepresentations, by receiving the funds from a new senior Deed of Trust. (See Exhibit "G").

44.    That at the present time PARKER only has an unsecured claim against ELSA.

45.    Therefore, as the result of ELSA's acts and failure to act, her debt to PARKER should be nondischargeable.

## SECOND CAUSE OF ACTION

### (Denial of Discharge under Section 523(a)(6))

46.    Plaintiffs incorporate herein paragraphs 1 through 45 as if specifically enumerated herein.

47.    Upon information and belief, ELSA willfully and maliciously injured PARKER by misrepresending her intent to execute a new Trust Deed in order to induce PARKER to direct the execution of a Deed of Reconveyance on his then secured Trust Deed.

48.    As a result of ELSA's apparently willful and malicious actions, PARKER has been injured in that he has lost his security, even though ELSA knew he had not been paid.

49.    Therefore, as the result of ELSA's acts or failure to act, her debt to PARKER should be nondischargeable.

## THIRD CAUSE OF ACTION

### (Determination of Secured Claim under Section 506 through Section 523(a)(2) & (6))

50.    Plaintiffs incorporate herein paragraphs 1 through 49 as if specifically enumerated herein.

51.    That PARKER is entitled to a determination that he holds a secured interest in the EXPANDED PROPERTY as of the January 5, 2005, with appropriate priority, because ELSA by false pretenses, false representation, or actual fraud; and/or willful and malicious injury deprived PARKER of his previously perfected security interest in the EXPANDED PROPERTY.

## FOURTH CAUSE OF ACTION

### (Denial of Discharge under Section 727(a))

52.    Plaintiffs incorporate herein paragraphs 1 through 51 as if specifically enumerated herein.

*Complaint - Knight vs. Rodriguez-Knight*

53.    That ELSA failed to disclose and withheld from the Chapter 7 Trustee the Deed of Trust by

Victoria M. Rodriguez recorded on the EXPANDED PROPERTY. (See Exhibit "L").


**WHEREFORE**, plaintiff pray:

### FIRST THROUGH FOURTH CAUSE OF ACTIONS

1.    That the  Court deny ELSA a discharge of the debt to PARKER pursuant to Sections

523(a)(2)(A) and/or 523(a)(6) of the Bankruptcy Code.

2.    That PARKER has a perfected security interest, with appropriate priority, in the

EXPANDED PROPERTY for the various reasons stated herein.

3.    The denial of any discharge under 727(a)(4)(D).

4.    For further relief as the Court deems just and proper under the circumstances, including costs

of this action and attorney's fees where appropriate.


DATED this1st day of November, 2010.


_____/s/ Lee Rudd_____
LEE RUDD
Attorney for Plaintiff
P.O. Box 57782
Salt Lake City, Utah 84157-7782
Telephone: (801)268-2808


Plaintiffs' Address:
114 East 90th Street
New York, NY 10128


*Complaint - Knight vs. Rodriguez-Knight*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy No. 10-30254 |
| MARIA ELSA RODRIGUEZ-KNIGHT | ) | |
| | ) | Chapter 7 |
| Debtor(s). | ) | |
| | ) | Judge:   William T. Thurman |
| | ) | |
| KNIGHT, Parker W. | ) | |
| | ) | Adversary No. |
| Plaintiff(s), | ) | |
| vs. | ) | |
| | ) | |
| RODRIGUEZ-KNIGHT Maria Elsa | ) | |
| | ) | |
| Defendant(s). | ) | |

EXHIBITS

Exhibit A-1          Description of PROPERTY

Exhibit A-2          Description of EXPANDED PROPERTY

Exhibit B          Trust Deed 2/21/1996 to Parker Knight

Exhibit C          Deed of Reconveyance 2/3/1998

Exhibit D          Trust Deed 5/7/1998 to Parker Knight

Exhibit E          Deed of Trust Note 5/7/1998 - unsigned

Exhibit F          Substitution of Trustee, Request for Full Reconveyance

          and Deed of Reconveyance 10/28/2004

Exhibit G          Deed of Trust 12/29/2004 to Provident Funding Ass.

Exhibit H          Notice of Lis Penden 10/8/2008 by Peter Knight

Exhibit I          Notice of Lis Penden 5/11/2010 by Parker Knight

Exhibit J          Order on Motion for Temporary Orders 2/13/2009

Exhibit K          Ruling and Order 4/5/2010

Exhibit L          Trust Deed 11/20/2008 to Victoria M. Rodriguez

# EXHIBIT "A-1"

E 278606 B 0730 P 0409

Loan Number  2214120103

Date: 12/29/2004

Property Address:  2920 W 3600 S
HEBER, UT 84032

## EXHIBIT "A"

## LEGAL DESCRIPTION

BEGINNING AT THE WASATCH COUNTY MONUMENT FOR THE SOUTH 1/4 CORNER OF SECTION 14, TOWNSHIP 4 SOUTH, RANGE 4 EAST, SALT LAKE BASE AND MERIDIAN, THENCE NORTH ALONG A FENCE LINE A DISTANCE OF 170 FEET, THENCE EAST 168.42 FEET MORE OR LESS TO THE EAST BANK OF MURDOCK CANAL, THENCE SOUTH 09°06'03" EAST ALONG THE EAST BANK OF THE MURDOCK CANAL A DISTANCE OF 172.17 FEET, THENCE WEST A DISTANCE OF 195.65 FEET TO THE POINT OF BEGINNING.

BASIS OF BEARING FOR THIS SURVEY WAS ESTABLISHED FROM THE STATE COORDINATE AND DEPENDENT RESURVEY OF PORTIONS OF TOWNSHIP 3 SOUTH, RANGE 5 EAST, SALT LAKE BASE AND MERIDIAN OF THE WASATCH COUNTY RECORDS. ALL BEARINGS SHOWN ARE RELATIVE TO GRID NORTH IN CONFORMANCE WITH THE WASATCH COUNTY COORDINATE SYSTEM.

TAX PARCEL NO. OCH-0091-0-014-044

0011

Ver. 2

# EXHIBIT "A-2"

Exhibit "A"

(Parcel 1)

BEGINNING at the Wasatch County Monument for the South1/4 corner of Section 14. Township 4 South, Range 4 East, Salt Lake Base and Meridian; thence North along a fence line a distance of 170 feet; thence East 168.42 feet more or less to the East bank of Murdock canal, thence South 09°06'03" East along the East bank of the Murdock Canal a distance of 172.17 feet; thence West a distance of 195.65 feet to the point of beginning.

BASIS OF BEARING for this Survey was established from the "State Coordinate and dependent resurvey of portions of Township 3 South, Range 5 East, Salt Lake Base and Meridian" of the Wasatch County records. All bearings shown are relative to grid North in conformance with the Wasatch County coordinate system.

(Parcel 2)

BEGINNING North 170 feet from the Wasatch County Monument for the South 1/4 corner of Section 14, Township 4 South, Range 4 East, Salt Lake Base & Meridian; thence North along a fence line a distance of 210.66 feet; thence East a distance of 119.18 feet to the West bank of the Charleston upper canal; thence North 01°04'44" East along the West bank of said canal a distance of 44.18 feet to the point of intersection with the East bank of the Murdock canal; thence South 55°43'06" East along the East bank of the Murdock canal a distance of 27.18 feet; thence South 05°50'36" East along the East bank of the Murdock canal a distance of 29.01 feet; thence East a distance of 17.97 feet to the West edge of a road; thence South 07°12'22" East along the West edge of said road a distance of 212.33 feet; thence West a distance of 190.03 feet to the point of beginning.

BASIS OF BEARING for this Survey was established from the "State Coordinate and dependent resurvey of portions of Township 3 South, Range 5 East, Salt Lake Base and Meridian" of the Wasatch County Records. All bearings shown are relative to grid North in conformance with the Wasatch County coordinate system.

281

EXHIBIT "B"

379    195   202567
RECONVEYANCE

WHEN RECORDED MAIL TO:                PAGE (-) INDEX ( )  ABSTRACT ( ) PLAT ( ) CHECK ( )
John L. McCoy, Attorney at Law
310 S. Main, #1314
Salt Lake City, Utah 84101

00195389  Bk00352 Pg00104-00106
WASATCH CO RECORDER-ELIZABETH M PARCELL
1997 JUL 01 16:45 PM FEE  $14.00 BY MMM
REQUEST: KNIGHT MARIA ELSA

# TRUST DEED

THIS TRUST DEED is made this _21st_ day of _February_ 1996,
between **MARIA ELSA KNIGHT,** as Trustor whose address is 2920 West
3600 South, Clearfield, Utah, 84032, and **JOHN L. McCOY,** as Trustee,
310 S. Main Street, #1314, Salt Lake City, Utah 84101, to hold for
and on behalf of **PARKER WILLIAM KNIGHT** as Beneficiary.

Trustor hereby **COVENANTS AND WARRANTS TO TRUSTEE IN TRUST,**
**WITH POWER OF SALE,** the following described property situated in
Wasatch County, Utah:

See Exhibit "A", attached hereto and by this reference made a
part hereof.

FOR THE PURPOSE OF SECURING payment of the indebtedness
evidenced by a promissory note of even date herewith, in the amount
of **$47,000.00,** payable to the order of Beneficiary at the times, in
the manner and with interest as therein set forth, and payment of
any sums expended or advanced by Beneficiary to protect the
security hereof.

Trustor agrees to pay all taxes and assessments on the above
property, to pay all charges and assessments on water or water
stock used on or with said property, not to commit waste, to
maintain adequate fire insurance on improvements on said property,
to pay all costs and expenses of collection (including Trustee's
and attorney's fees in event of default in payment of the
indebtedness secured hereby and to pay reasonable Trustee's fees
for any of the services performed by Trustee hereunder, including
a reconveyance hereof.

The undersigned Trustor requests that a copy of any notice of
default and of any notice of sale hereunder be mailed to her at the
address hereinbefore set forth.

X _Maria Elsa Knight_
              Trustor

STATE OF ~~UTAH~~
         VIRGINIA    )
                     : ss.
COUNTY OF ~~SALT LAKE~~ )
         FAIRFAX

On the 25 th day of JUNE, 1996, personally appeared before me
MARIA ELSA KNIGHT, the signer of the foregoing instrument, who duly
acknowledged to me that she executed the same.

_Rosemary L. Griffin_
NOTARY PUBLIC
ADDRESS:

My Commission Expires: JUNE 30, 1997

                                    00195389  Bk00352 Pg00105

*NOTE:    Trustee must be a member of the Utah State Bar; a bank,
          building and loan association or savings and loan
          association authorized to do such business in Utah; a
          corporation authorized to do a trust business in Utah; or
          a title insurance or abstract company authorized to do
          such business in Utah.

105

00195389    BrG0352 PG00106

## BOUNDARY DESCRIPTION

BEGINNING AT THE WASATCH COUNTY MONUMENT FOR THE SOUTH 1/4 CORNER OF
SECTION 14, T4S, R4E, SLB&M;
THENCE NORTH ALONG A FENCE LINE A DISTANCE OF 173.18 FEET TO AN
EXISTING FENCE CORNER;
THENCE S89°43'58"E PARTIALLY ALONG A FENCE LINE A DISTANCE
OF 108.46 FEET;
THENCE S87°26'29"E A DISTANCE OF 60.02 FEET TO THE EAST BANK
OF THE MURDOCK DITCH;
THENCE S09°06'03"E ALONG THE EAST BANK OF THE MURDOCK DITCH A
DISTANCE OF 172.17 FEET;
THENCE WEST A DISTANCE OF 195.65 FEET TO THE POINT OF BEGINNING,
CONTAINING APPROXIMATELY 0.72 ACRES.

EXHIBIT "A"

# EXHIBIT "C"

37761 E

### DEED OF RECONVEYANCE

     WHEREAS, **MARIA ELSA KNIGHT**, as **Trustor**, on the 21st day of February, 1996, conveyed to **JOHN L. McCOY**, as Trustee, a Trust Deed upon the property described herein below, which Trust Deed was recorded at Pages No.: 00104-00106, Book No. 003527311, Entry No. 00195389, of the Wasatch County Recorder;

     **WHEREAS**, the obligation which said Trust Deed secured, a Deed of Trust dated February 21st, 1996, executed by **MARIA ELSA KNIGHT**, has been fully satisfied;

     NOW THEREFORE, the duly appointed Trustee upon the aforesaid Trust Deed does hereby reconvey to **MARIA ELSA KNIGHT**, the following described real property located in Wasatch County:

     See Exhibit 'A' attached hereto and by this reference made a part hereof.

     DATED this _3rd_ day of February, 1998.

JOHN L. McCOY

COUNTY OF SALT LAKE)
              ) ss.
STATE OF UTAH    )

     On the 3rd day of February, 1998, personally appeared before me, John L. McCoy, who duly acknowledged to me that he executed the same.

NOTARY PUBLIC

DORIS R. SWEARINGEN
Notary Public
STATE OF UTAH
My Comm. Expires FEB 3, 1998
310 S MAIN #1305 SLC UT 84101

EXHIBIT "D"

280

PAGE(s) ■■( ) ABSTRACT( ) PLAT( ) CHECK( )

WHEN RECORDED MAIL TO:

John L. McCoy, Trustee
310 S. Main Street, Suite 1305
Salt Lake City, Utah 84101

00205655 Bk 00384 Pg 00280-00281
WASATCH CO RECORDER-ELIZABETH A PARCELL
1998 JUN 01 13:01 PM FEE   $13.00 BY DAS
REQUEST: KNIGHT MARIA ELSA

### TRUST DEED

THIS TRUST DEED is made this 7th day of May, 1998 between **MARIA ELSA KNIGHT** as Trustor,
whose address is 2920 West 3600 South, Charleston, Utah 84032, and **JOHN L. McCOY**, as Trustee, whose
address is 310 S. Main Street, Suite 1305, Salt Lake City, Utah 84101, to hold for and on behalf of **PARKER
WILLIAM KNIGHT** as Beneficiary.

Trustor hereby COVENANTS AND WARRANTS TO TRUSTEE IN TRUST, WITH POWER OF
SALE, the following described property situated in Wasatch County, Utah:

See Exhibit "A", attached hereto and by this reference made a part hereof.

Together with all buildings, fixtures and improvements thereon and all water rights, rights of way,
easements, rents, issues, profits, income, tenements, privileges, and appurtenances thereunto now or hereafter used
or enjoyed with said property, or any part thereof.

FOR THE PURPOSE OF SECURING payment of the indebtedness evidenced by a promissory note, in
the amount of $47,000.00, payable to the order of Beneficiary at the times, in the manner and with interest as
therein set forth, and payment of any sums expended or advanced by Beneficiary to protect the security hereof.

Trustor agrees to pay all taxes and assessments on the above property, to pay all charges and assessments
on the water or water stock used on or with said property, to maintain adequate fire insurance on improvements on
said property, to pay all costs and expenses of collection (including Trustee's and attorney's fees in event of
default) in payment of the indebtedness secured hereby and to pay reasonable Trustee's fees for any of the services
performed by Trustee hereunder, including a reconveyance hereof.

The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder
be mailed to him at the address hereinbefore set forth.

KAROLYN KIRKHAM
1600 South 3600 East
Heber City, Utah 84032
My Commission Expires
March 29, 2001
State of Utah

_Maria Elsa Knight_
TRUSTOR

STATE OF UTAH    )
                 )ss.
COUNTY OF WASATCH )

On the 1st day of _June_, One Thousand Nine Hundred and Ninety Eight personally
appeared before me, MARIA ELSA KNIGHT, the signer of the foregoing instrument, who duly acknowledged to
me that he executed same.

_Karolyn Kirkham_
NOTARY PUBLIC
Address: 1600 So 3600 E.
         Heber, Ut. 84032

My Commission Expires:
3/29/2001

Loans.47k.TDtruck.pwk.doc

EXHIBIT
A

Exhibit "A"

(Parcel 1)
BEGINNING at the Wasatch County Monument for the South1/4 corner of Section
14, Township 4 South, Range 4 East, Salt Lake Base and Meridian; thence
North along a fence line a distance of 170 feet; thence East 168.42 feet more
or less to the East bank of Murdock canal, thence South 09°06'03" East along
the East bank of the Murdock Canal a distance of 172.17 feet; thence West a
distance of 195.65 feet to the point of beginning.

BASIS OF BEARING for this Survey was established from the "State Coordinate
and dependent resurvey of portions of Township 3 South, Range 5 East, Salt
Lake Base and Meridian" of the Wasatch County records. All bearings shown are
relative to grid North in conformance with the Wasatch County coordinate
system.

(Parcel 2)
BEGINNING North 170 feet from the Wasatch County Monument for the South 1/4
corner of Section 14, Township 4 South, Range 4 East, Salt Lake Base &
Meridian; thence North along a fence line a distance of 210.66 feet; thence
East a distance of 119.18 feet to the West bank of the Charleston upper canal;
thence North 01°04'44" East along the West bank of said canal a distance of
44.18 feet to the point of intersection with the East bank of the Murdock
canal; thence South 55°43'06" East along the East bank of the Murdock canal a
distance of 27.18 feet; thence South 05°50'16" East along the East bank of
the Murdock canal a distance of 29.01 feet; thence East a distance of 17.97
feet to the West edge of a road; thence South 07°12'27" East along the West
edge of said road a distance of 212.33 feet; thence West a distance of 190.03
feet to the point of beginning.

BASIS OF BEARING for this Survey was established from the "State Coordinate
and dependent resurvey of portions of Township 3 South, Range 5 East, Salt
Lake Base and Meridian" of the Wasatch County Records. All bearings shown are
relative to grid North in conformance with the Wasatch County coordinate
system.

281

EXHIBIT "E"

## NOTE SECURED BY

## DEED OF TRUST

**DO NOT DESTROY THIS NOTE: When paid, this note with Trust Deed securing same, must be surrendered to Trustee for Cancellation, before reconveyance will be made.**

---

**FOR VALUE RECEIVED**, the undersigned promises to pay to the order of Parker Knight at 114 E 90th Street, #4A, New York, New York 10128, or assigns, the amount of $47,000 together with interest from the date of May 7th, 1998 at the rate of seventeen per cent (17%) per annum on the unpaid principal; said principal and interest are payable as follows:

**$665.83 per month beginning May 7, 1998 and on the 1st day of each month thereafter. The entire principal balance plus all accrued interest shall be paid no later than May 7, 2009.**

Each payment shall be applied first to accrued interest at the rate of seventeen per cent (17%) per annum and the balance to the reduction of principal. Any such installment not paid when due shall accrue a late fee of $50.00.

If default occurs in the payment of said installments of interest or any part thereof, or in the performance of any agreement contained in the Trust Deed securing this note, the holder hereof, at its option and without notice or demand, may declare the entire principal balance and accrued interest due and payable and the interest rate shall be seventeen per cent (17%) per annum on all principal amounts in default.

If this note is collected by an attorney after default in the payment of principal or interest, or breach either with or without suit, the undersigned agrees to pay all costs and expenses of collection including a reasonable attorney's fee.

The makers, sureties, guarantors and endorsers hereof severally waive presentment for payment, demand and notice of dishonor and nonpayment of this note, and consent of any and all extensions of time, renewals, waivers or modifications that may be granted by the holder hereof with respect to the payment or other provisions of this note, and to the release of any security, or any part thereof, with or without substitution.

This note is secured by a Trust Deed of even date herewith upon Real Property.

DATED as of this 7th day of May, 1998.

_____
MARIA ELSA KNIGHT

EXHIBIT "F"

WHEN RECORDED RETURN TO:
EQUITY TITLE INSURANCE AGENCY, INC.
ATTN: RECOVEYANCE DEPARTMENT
2180 SOUTH 1300 EAST, SUITE 220
SALT LAKE CITY, UTAH 84106

FILE NO: 2167210

Ent 276702 Bk 0720 Pg 0392-0393
ELIZABETH M PALMIER, Recorder
WASATCH COUNTY CORPORATION
2004 NOV 3 3:32pm Fee 12.00 MWC
FOR EQUITY TITLE INSURANCE PC

## SUBSTITUTION OF TRUSTEE, REQUEST FOR FULL RECONVEYANCE
## AND
## DEED OF RECONVEYANCE

Equity Title Insurance Agency, Inc. is hereby appointed successor trustee under the Trust Deed executed by: **MARIA ELSA KNIGHT as Trustor(s) in which PARKER WILLIAM KNIGHT is** named as Beneficiary and **JOHN L. MCCOY, as Trustee, and filed for record JUNE 1, 1998** , and recorded in Book 203688, Page 384, Entry No. 280 records of ~~SUMMIT~~ County, State of Utah, covering the following described property:                     *WASATCH*

See Attached Exhibit "A"

**Tax I.D. #OCH-0091-0-014-044**
The undersigned Beneficiary is the present legal owner and holder of the Note and all other indebtedness secured by the Trust Deed. Said Note, together with all other indebtedness secured by the Trust Deed, has been fully paid and satisfied; and Equity Title Insurance Agency, Inc. is hereby requested and directed to cancel said Note and all other evidences of indebtedness secured by the Trust Deed delivered herewith, together with the Trust Deed, to reconvey, without warranty, to the parties designated by the terms of the Trust Deed, all the estate now held by Successor Trustee thereunder.

In the event the original Trust Deed and/or Trust Deed Note has/have been lost or destroyed, the undersigned Beneficiary certifies that the Note and Trust Deed have not been assigned to another party and the undersigned agrees to indemnify and hold harmless Equity Title Insurance Agency, Inc. its agents, employees successors and assigns, of and from all liability and responsibility of any loss, damage and expense that may arise of issuance of such reconveyance without having possession of the original note.

DATED    this    *21 st*    day of    *October*    ,2004.

By: _____
    PARKER WILLIAM KNIGHT

By: _____

STATE OF *NEW YORK*    }
                       } ss
COUNTY OF *NEW YORK*   }

Ent 276703 Bk 0720 Pg 0394-0395
ELIZABETH M PALMIER, Recorder
WASATCH COUNTY CORPORATION
2004 NOV 3 3:33pm Fee 12.00 MWC
FOR EQUITY TITLE INSURANCE PC

The foregoing instrument was acknowledged before me the    *21 st*    day of *October*    ,2004
by *Parker William Knight*    _____
                                Notary Public
                                My Commission Expires:

H. JOSEPH MELLO
NOTARY PUBLIC, State of New York
No. 02ME2655775
Qualified in New York County
Commission Expires Oct. 31, 200 *5*

## DEED OF RECONVEYANCE

Equity Title Insurance Agency, Inc., as Successor Trustee, under the Trust Deed referred to above and pursuant to written request, does hereby reconvey, without warranty, to the person or persons legally entitled thereto, the trust property now held by it as Successor Trustee.

DATED this *28* day of    *Oct*    ,2004

Equity Title Insurance Agency, Inc.
By: _____
Its: Authorized Agent

STATE OF UTAH       }
                    } ss
COUNTY OF SUMMIT    }

The foregoing instrument was acknowledged before me the    *28* day of *Oct*    , 2004
by *Catherine Dalyai*    _____
                          Notary Public
                          My Commission expires:    *8-1-06*

HELEN E. SMITH
NOTARY PUBLIC • STATE OF UTAH
1000 SNOW CREEK DR., SUITE E
PARK CITY, UT. 84060
COMM. EXP.    08-01-2006

'00506'

BEGINNING AT THE WASATCH COUNTY MONUMENT FOR THE SOUTH 1/4 CORNER OF SECTION 14, TOWNSHIP 4 SOUTH, RANGE 4 EAST, SALT LAKE BASE AND MERIDIAN, THENCE NORTH ALONG A FENCE LINE A DISTANCE OF 170 FEET, THENCE EAST 168.42 FEET MORE OR LESS TO THE EAST BANK OF MURDOCK CANAL, THENCE SOUTH 09°06'03" EAST ALONG THE EAST BANK OF THE MURDOCK CANAL A DISTANCE OF 172.17 FEET, THENCE WEST A DISTANCE OF 195.65 FEET TO THE POINT OF BEGINNING.

BASIS OF BEARING FOR THIS SURVEY WAS ESTABLISHED FROM THE STATE COORDINATE AND DEPENDENT RESURVEY OF PORTIONS OF TOWNSHIP 3 SOUTH, RANGE 5 EAST, SALT LAKE BASE AND MERIDIAN OF THE WASATCH COUNTY RECORDS. ALL BEARINGS SHOWN ARE RELATIVE TO GRID NORTH IN CONFORMANCE WITH THE WASATCH COUNTY COORDINATE SYSTEM.          E 276702 B 0720 P 0393

TAX PARCEL NO. OCH-0091-0-014-044

E 276703 B 0720 P 0395

00507

EXHIBIT "G"

After Recording Return To:
PROVIDENT FUNDING ASSOCIATES, L.P.
PO BOX 5913
SANTA ROSA, CA 95402-5913
Loan No. 2214120103

```
Ent 270606 Bk 0730 Pg 0396-0410
ELIZABETH M PALMIER, Recorder
WASATCH COUNTY CORPORATION
2005 JAN  5  3:13pm Fee 38.00 MWC
FOR EQUITY TITLE INSURANCE PC
```

2167210 _____ [Space Above This Line For Recording Data] _____

## DEED OF TRUST

MIN 1000179-2214120103-2

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.
(A) "Security Instrument" means this document, which is dated 12/29/2004  , together with all Riders to this document.
(B) "Borrower" is   MARIA ELSA KNIGHT, A MARRIED WOMAN . Borrower is the trustor under this Security Instrument.

(C)  "Lender" is   PROVIDENT FUNDING ASSOCIATES, L.P.. Lender is a LIMITED PARTNERSHIP organized and existing under the laws of CALIFORNIA. Lender's address is 428 EAST 6400 SOUTH, SUITE 135, SALT LAKE CITY, UT 84107.
(D)  "Trustee" is FIRST AMERICAN TITLE COMPANY
(E)  "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.**  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F)  "Note"  means the promissory note signed by Borrower and dated 12/29/2004.  The Note states that Borrower owes Lender ONE HUNDRED EIGHTY THOUSAND AND 00/100 Dollars (U.S. $180,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than 1/1/2035.

(G)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property".
(H)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

UTAH--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3045 1/01 *(page 1 of 13 pages)*
0010UT.doc - 5/17/2002 2:12 PM
p - 12/29/2004
Borrower Initials _MK_ _____ _____ _____

Ver. 2

E 278606 B 0730 P 0408

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    *Maria Elsa Knight*  (Seal)
                                     MARIA ELSA KNIGHT        -Borrower

_____    _____  (Seal)
                                                                      -Borrower

_____    _____  (Seal)
                                                                      -Borrower

_____    _____  (Seal)
                                                                      -Borrower

_____

_____

### ACKNOWLEDGEMENT

State of Utah, _Summit_ County ss:

On this _20th_ day of _December_, 20_09_ personally appeared before me
MARIA ELSA KNIGHT

the signer(s) of the above instrument, who duly acknowledged to me that he/she/they executed the same.

My Commission Expires: _9/4/05_        Notary Public Signature: *Kim Smoot*

Notary Public Residing at: _Park City Ut_

NOTARY PUBLIC
KIM SMOOT
1755 Prospector Ave. #100
Park City, Utah 84060
My Commission Expires
September 4, 2005
STATE OF UTAH

UTAH–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3045  1/01  *(page 13 of 13 pages)*
0010UT.doc - 8/22/2001 11:47 AM
g · 12/29/2004

Ver. 2

E 278606 B 0730 P 0409

Loan Number:   2214120103

Date: 12/29/2004

Property Address:   2920 W 3600 S
HEBER, UT 84032

## EXHIBIT "A"

## LEGAL DESCRIPTION

BEGINNING AT THE WASATCH COUNTY MONUMENT FOR THE SOUTH 1/4 CORNER OF SECTION
14, TOWNSHIP 4 SOUTH, RANGE 4 EAST, SALT LAKE BASE AND MERIDIAN, THENCE NORTH
ALONG A FENCE LINE A DISTANCE OF 170 FEET, THENCE EAST 168.42 FEET MORE OR LESS TO
THE EAST BANK OF MURDOCK CANAL, THENCE SOUTH 09°06'03" EAST ALONG THE EAST BANK
OF THE MURDOCK CANAL A DISTANCE OF 172.17 FEET, THENCE WEST A DISTANCE OF 195.65
FEET TO THE POINT OF BEGINNING.

BASIS OF BEARING FOR THIS SURVEY WAS ESTABLISHED FROM THE STATE COORDINATE
AND DEPENDENT RESURVEY OF PORTIONS OF TOWNSHIP 3 SOUTH, RANGE 5 EAST, SALT
LAKE BASE AND MERIDIAN OF THE WASATCH COUNTY RECORDS.  ALL BEARINGS SHOWN ARE
RELATIVE TO GRID NORTH IN CONFORMANCE WITH THE WASATCH COUNTY COORDINATE
SYSTEM.

TAX PARCEL NO. OCH-0091-0-014-044

0011

Ver. 2

EXHIBIT "H"

Ent 340844 Bk 975 Pg 508-509
Date: 08-OCT-2008 11:19AM
Fee: $13.00 Check Filed By: MG
ELIZABETH PALMER, Recorder
WASATCH COUNTY CORPORATION
For: WELLING SCOTT C ESQ

SCOTT C. WELLING, 3420
Attorney for Respondent
2064 Prospector Avenue, Suite 203
P. O. Box 680715
Park City, Utah 84068-0715
Telephone: (435) 649-8406
Facsimile: (435) 649-8412

## IN THE FOURTH DISTRICT COURT
## WASATCH COUNTY, STATE OF UTAH

| | | |
|---|---|---|
| MARIA ELSA RODRIGUEZ-KNIGHT, | ) | **NOTICE OF LIS PENDENS** |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | Case No. 084500107 |
| PETER D. KNIGHT, | ) | |
| Respondent. | ) | Judge Derek Pullan |

TO WHOM IT MAY CONCERN:

In this matter respondent, Peter D. Knight, has filed a claim for the purpose of establishing his right, title and interest to certain real property located at 2920 West 3600 South, Heber City, Utah 84032, and more particularly described as:

Beginning North 170' from the S ¼ corner of Section 14, Township 4 S, Range 4 E, Salt Lake Base and Meridian: N 214.5'; E to county road; thence S along road 214.5' more or less; thence W 280.5' to beginning. Area 1.3 acres more or less.
Tax Parcel No. 0-0014-5149

TOGETHER WITH the parcel adjacent: Beginning at the S ¼ corner of Section 14, Township 4 S, Range 4E, Salt Lake Base and Meridian; thence N 170'; thence E 280.5'; thence S 170'; thence W 280.5' to the beginning. Area 1.09 acres more or less.
Tax Parcel No. 00-0006-7467

DATED this 7th day of October, 2008.

Scott C. Welling
Attorney for Peter D. Knight

Ent 340844 Bk 0975 Pg 0509

STATE OF UTAH          )
                       :ss
County of Summit       )

On this ___7th___ day of October, 2008, personally appeared before me SCOTT C. WELLING,

signor of the above instrument, who duly acknowledged to me that he executed the same.

BROOKE LANGSTON
NOTARY PUBLIC - STATE OF UTAH
2064 Prospector Ave PO Box 1994
Park City UT 84060
My Comm. Exp. 04/24/2011

Notary Public

2

EXHIBIT "I"

SCOTT C. WELLING, 3420
Attorney for Plaintiff
2064 Prospector Avenue, Suite 203
P. O. Box 680715
Park City, Utah 84068-0715
Telephone: (435) 649-8406
Facsimile: (435) 649-8412

Ent 359252 Bk 1014 Pg 898-899
Date: 11-MAY-2010  9:27:06AM
Fee: $13.00 Check Filed By: DJ
ELIZABETH PALMIER, Recorder
WASATCH COUNTY CORPORATION
For: WELLING SCOTT

## IN THE FOURTH JUDICIAL DISTRICT COURT
## WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| PARKER W. KNIGHT, ) | NOTICE OF LIS PENDENS |
| )  | |
| Plaintiff, ) | |
| )  | |
| vs. ) | Civil No. _100500219 C N_ |
| )  | |
| MARIA ELSA RODRIGUEZ-KNIGHT, ) | Judge Derek Pullan |
| )  | |
| Defendant. ) | |

TO WHOM IT MAY CONCERN:

In this matter plaintiff, Parker W. Knight, has filed a claim for the purpose of establishing his

right to a security interest in certain real property located at 2920 West 3600 South, Heber City, Utah

84032, and more particularly described as:

Parcel 1:

BEGINNING at the Wasatch County Monument for the South ¼
corner of Section 14, Township 4 South, Range 4 East, Salt Lake
Base and Meridian; thence North along a fence line a distance of 170
feet; thence East 168.42 feet more or less to the East bank of Murdock
Canal a distance of 172.17 feet; thence West a distance of 195.65 feet
to the point of beginning.

Tax Parcel No. OCH-0091-014-044

Ent 359252 Bk 1014 Pg 0899

Parcel 2:

BEGINNING North 170 feet from the Wasatch County Monument
for the South ¼ corner of Section 14, Township 4 South, Range 4
East, Salt Lake Base and Meridian; thence North along a fence line a
distance of 210.66 feet; thence East a distance of 119.18 feet to the
West bank of the Charleston upper canal; thence North 01° 04' 06"
East along the West bank of said canal a distance of 44.18 feet to the
point of intersection with the East bank of Murdock canal; thence
South 55° 43' 06" East along the East bank of the Murdock canal a
distance of 27.18 feet; thence South 05° 50' 36" East along the East
bank of the Murdock canal a distance of 29.01 feet; thence East a
distance of 17.97 feet to the West edge of a road; thence South 07°
12'22" East along the West edge of said road a distance of 212.33
feet; thence West a distance of 190.03 feet to the point of beginning.

Tax Parcel No. OCH-0091-1-014-044

DATED this _11th_ day of May, 2010.

_Scott Welling_
Scott C. Welling
Attorney for Parker W. Knight

STATE OF UTAH    )
                 :ss
County of Summit )

On this _11th_ day of May, 2010, personally appeared before me SCOTT C. WELLING,

signor of the above instrument, who duly acknowledged to me that he executed the same.

KATHRYN N. GOLD
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 05/06/2013
Commission # 578629

_Kathryn N. Gold_
Notary Public

EXHIBIT "J"



JANELL R. BRYAN (11519)
Law Offices of Janell R. Bryan, P.C.
90 West 200 South, Suite 4
Heber City, Utah 84032
Telephone: 435-654-5488
Facsimile: 435-654-2174
Attorney for Petitioner

## IN THE FOURTH JUDICIAL DISTRICT COURT,

## WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| **MARIA ELSA RODRIGUEZ-KNIGHT** | |
| Petitioner, | **ORDER ON MOTION FOR TEMPORARY ORDERS** |
| vs. | |
| **PETER DAMIEN KNIGHT** | Case: 084500107 |
| Respondent. | Judge: Derek P. Pullan |

THIS MATTER came before the court regularly for hearing on December 30, 2008 on the

Petitioner's Motion for Temporary Orders.  Present were the Petitioner and her counsel, Janell R.

Bryan, and the Respondent and his counsel, Scott C. Welling.  The parties entered a partial

stipulation and made further argument before the court.  The court, having accepted the

stipulation of the parties, having heard argument, consider the file and all matters herein, enters

the following temporary orders.  It is hereby

**ORDERED, ADJUDGED, AND DECREED:**

1.  The Respondent's gross monthly income is $4,672.00 and the Petitioner's gross monthly

income is $1,680.00.

2.  The Respondent will pay the Petitioner a payment of $1,500.00 a month, to be paid in two
    equal payments of $750.00, one payment on the 5th of each month and one on the 20th of each
    month.  Of those monthly payments, $306.00 is allocated as the Respondent's portion of the
    health care premiums the Petitioner is currently paying through her employment for the
    parties' minor children and the Respondent.  A portion of the $1,500.00 a month is child
    support.  The issues of what portion of the payment is alimony and debt payment is reserved
    for trial.

3.  The Petitioner will continue to carry the Respondent on her health care coverage, and the
    Respondent will continue to pay for such coverage, until the divorce is finalized.

4.  The parties will continue with the joint custody agreement the parties have been working
    under since their separation in December, 2007.  The parties will drop off and pick up the
    children by 6:00 p.m. each Sunday, and the parties will utilize a curbside pickup and drop
    off.

5.  The parties agree to use either Kim Peterson, L.C.S.W. or Dr. Darren Featherson as their
    custody evaluator.

6.  The parties will be fully supportive of the parent time rights of the other party.

7.  The parties will meet with Peter Knight Jr.'s school counselor within thirty days of the
    hearing date regarding Peter's educational plan.

8.  The Respondent will remain in the parties' marital residence on a temporary basis, and will
    pay the mortgage payments and pay for the upkeep of the residence while residing there.

2

9.  The parties will list the lot for sale the parties own as soon as is reasonable, said lot located at approximately 2900 West Probst Lane, in Charleston, Utah. The parties will determine the value of the lot by using approximate values based on the market analyses of two reputable realtors, and taking those values and averaging them to obtain the listing price for said lot.

10. The marital residence will not be sold or re-financed until either the parties can agree or the court orders that the marital residence can be sold or re-financed. The parties agree to split the cost of an appraisal and a survey for the lot and home, if needed.

11. The parties will file their 2008 tax returns separately.

12. The parties will split the child tax exemptions equally unless the Respondent has not paid the full temporary support, as outlined in paragraph 1 above in a timely manner, in which case the Petitioner is entitled to claim all the child tax exemptions.

13. The Respondent will provide a copy of the Promissory Note held by the Respondent's brother to the Petitioner.

14. The Respondent will provide to the Petitioner a copy of any tax documents or information he either receives or sends out regarding his business so that the Petitioner can ascertain any tax liability.

DATED this 13 day of February, 2009.

BY THE COURT:

DISTRICT COURT JUDGE

3

## MAILING CERTIFICATE

I hereby certify that on this $\underline{2^{nd}}$ day of February, 2009 a copy of the foregoing was

mailed to the following:

Scott C. Welling
2604 Prospector Ave., Suite 203
P.O. Box 680715
Park City, UT 84060

EXHIBIT "K"

## IN THE FOURTH JUDICIAL DISTRICT COURT
## WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| MARIA ELSA RODRIGUEZ-KNIGHT, <br><br> Petitioner, <br><br> v. <br><br> PETER DAMIEN KNIGHT, <br><br> Respondent. | **RULING AND ORDER** <br><br> Case No. 084500107 <br><br> Judge Derek P. Pullan |

This matter comes before the Court on cross-motions for new temporary orders. Having considered the written submissions and oral arguments presented, the Court know makes the following:

### RULING AND ORDER

### Background Facts

1.  Petitioner Maria Elsa Rodriguez Knight ("Maria") filed this action for divorce in August 2008.

2.  On February 13, 2009, this Court issued temporary orders.

3.  At that time, the Court:

    a.   Found that Respondent Peter Damien Knight's ("Peter") monthly income was $4,672.00, and Maria's monthly income was $1,680.00;

    b.   Ordered Peter to pay $1,500.00 per month to Maria. Off this amount, $306.00 was allocated to Peter's share of the monthly medical insurance premium cost incurred by

1

Maria on behalf of the family.  The balance was to be considered child support, alimony, and debt payment, the precise allocation of which was reserved for trial.

    c.     Ordered that the joint custody agreement implemented by the parties after their separation in December 2007 would continue.

    d.     Approved the stipulation to "use either Kim Peterson, LCSW or Dr. Darren Featherson [Featherstone] as their custody evaluator."

    e.     Ordered Peter to remain in the marital residence and be responsible for the mortgage and maintenance costs.

    f.     Ordered that the residential lot adjacent to the marital home ("the Lot") be sold.  The fair market value was to be determined by averaging the market analysis of two reputable real estate brokers.

    g.     Ordered that the marital home not be sold or refinanced until further order of the court, unless the parties otherwise mutually agreed.

4.    On January 29, 2010, Maria moved for new temporary orders and for a motion to compel sale of the marital home.  She requests the Court to order that:

    a.     Maria be awarded temporary possession of the marital home;

    b.     The marital home be sold;

    c.     Peter be responsible for the mortgage payment on the marital home until sold;

    d.     Maria be awarded temporary sole physical custody of the four minor children, subject to Peter's statutory parent-time;

    e.     Peter pay child support calculated based on Maria's sole physical custody;

    f.      Peter pay $400.00 per month toward marital credit card debt;

    g.      Peter not interfere with the listing and sale of the Lot;

    h.      Peter pay the retainer of the custody evaluator; and

    i.      Peter to fully answer interrogatories and requests for production of documents served on him on November 5, 2009.

5.      Peter opposed Maria's motion and filed a counter-motion for new temporary orders. He requests the Court to order that:

    a.      Peter not be responsible for any monthly payment to Maria except for $71.00 in child support;

    b.      Maria not to make disparaging remarks about Peter to the minor children or to third persons, including any remarks about Peter's not providing appropriate financial support during the pendency of the divorce;

    c.      Maria to produce itemized credit card statements for any credit card debt which she claims to be a marital debt; and

    d.      Maria pay Peter's attorney's fees incurred in this new temporary order dispute.

### Custody of the Children

As a general rule, it is in the best interest of minor children to have stable parent-time and living arrangements during all phases of divorce litigation. This policy is embodied in the rules of civil procedure applicable when a divorce litigant seeks temporary orders after filing a petition to modify. URCP 106(b)(1)(B) ("During the pendency of a petition to modify, the court . . . may order a temporary modification of custody or parent-time to address an immediate and irreparable harm . . . provided that

the modification serves the best interests of the child.").

Admittedly, the temporary orders issued in this case do not have the same permanency as a decree of divorce. However, the policy of preserving stability for minor children carries significant weight both before and after a decree enters.

Here, the parties have implemented the same joint custody and parent-time arrangement since December 2007. Maria has not come forward with evidence showing a compelling reason why this arrangement should be modified. A significant change in the parent-time status quo is not in the best interest of the children, especially when a child custody evaluation may commence in the immediate future.

On this issue, the Court denies Maria's motion for temporary orders.

**The Marital Home**

Peter contends that there is no significant equity in the marital home. He argues that the home and adjacent lot together will not sell for more than $325,000. The first mortgage is for $171,000. Peter claims that he and Maria owe his brother an additional $134,000.00, which debt is also secured by the marital home. Finally, Peter argues that a rental unit large enough for the family could not be secured for less than the monthly mortgage payment on the marital home.

Maria disputes the debt to Peter's brother. She has produced evidence that Peter's brother signed and recorded a deed of reconveyance which shows that this obligation was repaid in full.

The Court agrees that immediate sale of the home prior to trial would be ill-advised. The original temporary order relating to sale of the marital home shall remain in effect. Peter shall retain possession of the marital home. He shall be responsible for the mortgage payment and maintenance

4

costs.

On these issues, the Court denies Maria's motion for new temporary orders.

### Sale of the Lot

For some time, Peter has represented to this Court his intent to buy out Maria's interest in the marital home, either by refinancing or securing a loan from family members. He has had ample time to accomplish this, but has been unable to do so. The practical effect of this delay is to deprive Maria of her fair share of whatever equity exists in the marital home.

Once again, the Court orders that the Lot be sold. Maria shall in consultation with a reputable real estate broker determine the listing price. When the Lot sells, one half of the proceeds shall be paid to Maria. The other half shall be held in escrow pending the conclusion of these proceedings.

On this issue, the Court grants Maria's motion for new temporary orders.

### Restraining Order—Interference With Sale of The Lot

Peter is restrained from interfering in any way with the sale of the Lot. If a "For Sale" sign is removed from the Lot, Peter shall be responsible for the cost of replacement, which shall be paid within 24 hours of removal. The Court makes no finding as to who is responsible for the two missing "For Sale" signs. However, because he resides in the marital home, Peter is in the best position to guard against theft and should bear the cost of his own lack of vigilance.

This restraining order shall be binding upon Peter, his employees, agents, servants, assigns, attorneys, and anyone acting in concert with him who has notice of the order.

On this issue, the Court grants Maria's motion for new temporary orders.

5

**Payment of Custody Evaluator**

In four short months, this case will have been pending for two years. The parties have had ample opportunity to pay for and complete a custody evaluation. They stipulated to possible custody evaluators more than a year ago. Sadly, nothing has been done and the minor children continue to live with the resulting uncertainty.

The parties shall each be responsible for one half of the initial retainer of the custody evaluator. This amount shall be paid within 30 days of the date of this order.

Both parties assert that they cannot afford to pay this cost—although each has secured loans from supporting family members over the past year which could have been applied in part to these costs. If the initial retainer of a custody evaluator is not made within 30 days of the date of this Ruling and Order, the issue of custody shall be tried without the benefit of a child custody evaluation.

On this issue, the Court grants in part Maria's motion for new temporary orders.

**Monthly Payments to Maria**

Peter is the owner and sole member of New Edge Consulting, LLC ("New Edge"). Peter treats New Edge's bank account as a personal bank account. It does not appear that Peter has maintained any meaningful distinction between himself and New Edge. New Edge's monthly deposits are Peter's monthly income.

From November 2009 through February 2010, the following amounts were deposited into New Edge's account:

1.  November 2009      $6,050.00

2.  December 2009      $8,620.00

6

3.    January 2010        $7,600.00

4.    February 2010       $5,350.00

Thus, if New Edge's monthly deposits tell the whole story, Peter's monthly income could be as high as $6,905.00.

Additionally, both Peter and his brother Parker Knight are signators on the bank account of an entity called Crown Communications, Inc. The bank statements for Crown Communications, Inc. are mailed to the same address as New Edge. Given, Peter's failure to maintain a distinction between himself and New Edge, the independence of Crown Communication's Inc. from Peter is certainly suspect. However, at this juncture there is insufficient basis upon which the Court might impute the income of this entity to Peter.

Peter asserts that he has obtained loans from family to meet his monthly obligations, and that some of the deposits into New Edge's account are the proceeds from these loans. He has submitted promissory notes purportedly corroborating two such loans from dMedia, LLC, a company owned by his brother, Parker Knight. Significantly, the named borrower on both promissory notes is New Edge, not Peter. Peter's failure to maintain a distinction between himself and New Edge makes it impossible to determine whether these loans are for business purposes or personal expenses. Pamela Jones asserts in her affidavit that over the past year she has loaned Peter $14,771.47. However, she concedes that the loan is a verbal agreement with no other terms than that Peter repay this amount "as soon as he is able."

Given the uncertainty on the issue of Peter's actual monthly income, the Court is not persuaded that the original temporary order should be modified. Peter's monthly income through New Edge could be as high as $6,905.00. The Court is not persuaded that his monthly income has been dramatically

7

diminished.  By the same token, there is at this time insufficient evidence before the Court as to (1) what

amounts deposited into New Edge's account are the proceeds of personal loans to Peter; and (2) whether

the income the many business entities affiliated with Peter—like Crown Communications, Inc. and

others—are merely alter egos for Peter, although this is a distinct possibility.

The Court finds by a preponderance of the evidence that Peter has the ability to continue to pay

$1,500.00 per month to Maria.   As originally ordered, this amount includes Peter's share of the health

insurance premium.  Even if Peter's child support obligation were calculated using a monthly income of

$6,900.00, his monthly payment (given the joint custody arrangement) would be approximately $518.00.

The balance of the $1,500.00 he has been paying to Maria represents spousal support or payments

toward marital debt—an issue that is ultimately reserved for trial.

On these issues, the Court denies both Maria's and Peter's motion for new temporary orders.

### Maria's Motion to Compel Answers To Discovery Requests

Peter agrees to answer Maria's outstanding discovery requests by March 31, 2010.  The Court

orders that he do so.  Peter's agreement to answer these discovery requests was not forthcoming until

after Maria incurred the expense of filing what is in effect a motion to compel.

Accordingly, the Court grants Maria an award of reasonable attorney's fees incurred—not for the

entire motion for new temporary orders—but for that portion of the motion related to the unanswered

discovery requests.  Maria's counsel shall file a fees affidavit allocating fees accordingly.

### Peter's Motion to Compel Disclosure of Credit Card Statements

Unlike Maria's motion, Peter's counter-motion fails to include the prerequisites of a motion to

compel.  URCP 37(a)(2)(B) (motion to compel must include certification of good faith attempts to

8

Case 10-30254   Doc 32   Filed 11/01/10   Entered 11/01/10 17:56:13   Desc Main
Document   Page 51 of 61

confer with the party failing to make discovery). Therefore, the Court denies Peter's motion as to this issue, but without prejudice.

### Restraining Order—No Disparaging Remarks

Peter and Maria are both restrained from making disparaging remarks about the other in the presence of the minor children.

### Attorney's Fees

Except as otherwise stated in this Ruling and Order, the Court reserves ruling on the issue of attorney's fees until trial.

### Original Temporary Orders

Unless expressly modified herein, the original temporary orders issued by this Court on February 13, 2009 remain in effect.

DATED this _5_ day of April, 2010.

JUDGE DEREK P. PULLAN

CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the
following people for case 084500107 by the method and on the date
specified.

MAIL:   MARIA L BOOTH 2041 SIDEWINDER DR STE 2 PARK  CITY, UT 84060
MAIL:   SCOTT C WELLING P.O. BOX 680715 PARK  CITY  UT 84068-0715

Date: _4-5-10_

Deputy Court Clerk

EXHIBIT "L"

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

NAME *MARIA ELSA KNIGHT*
STREET
ADDRESS *121 Greenfield Circle*
CITY
STATE *Heber, Utah 84032*
ZIP
L

Title Order No. _____    Escrow No. _____

Ent 342264 Bk 0977 Pg 1766-1773
ELIZABETH M PALMER, Recorder
WASATCH COUNTY CORPORATION
2008 NOV 21  4:48pm Fee 27.00 JP
FOR FIRST AMERICAN - HEBER CITY
ELECTRONICALLY RECORDED

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made this *20th* day of *November* *2008*

between *Maria Elsa Knight*

_____ , herein called Trustor,

whose address is *121 Greenfield Circle, Heber, Utah 84032*
(NUMBER AND STREET)          (CITY)          (STATE)     (ZIP)

*First American Title Company*

_____ , herein called Trustee, and
*Victoria M Rodriguez, 321 W. OAK St, UValde, TEXAS 78801*,
herein called Beneficiary.

Trustor irrevocably grants, transfers and assigns to Trustee, in trust, with power of sale, all that real property in the City of
*Charleston* , County of *Wasatch* , State of *Utah* , described as:

*See Attached Exhibit "A"*

ACCOMODATION RECORDING ONLY
FIRST AMERICAN TITLE MAKES NO REPRESENTATION
AS TO CONDITION OF TITLE NOR DOES IT ASSUME
ANY RESPONSIBILITY FOR VALIDITY,
SUFFICIENCY OR AFFECT OF DOCUMENT.

TOGETHER with all rights, privileges, title and interest which Trustor now has or may hereafter acquire in or to said property, including, without limitation, the rents, issues and profits thereof, and with the appurtenances and all buildings and improvements now or hereafter placed thereon, it being understood and agreed that all classes of property, attached or unattached, used in connection therewith shall be deemed fixtures and subject to the property above described;

SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary hereinbelow to collect and apply such rents, issues and profits;

(For purposes of this instrument all of the foregoing described property, property rights and interests shall be referred to as "the property.")

MAIL TAX STATEMENT TO: *Maria Elsa Knight.*
*121 Greenfield Circle*
*Heber City, Ut 84032*

WOLCOTTS FORM 843 · (price class 1A)
DEED OF TRUST AND ASSIGNMENT OF RENTS WITH PROMISSORY NOTE · STRAIGHT (with power of sale and with request for full reconveyance) Rev.4-94  ©1994 WOLCOTTS FORMS, INC.

RECORD PAGES 1, 2, 3 & 4 ONLY, Page 1 of 6

Ent 342264 Bk 0977 Pg 1767

Exhibit "A"

(Parcel 1)
BEGINNING at the Wasatch County Monument for the South1/4 corner of Section
14, Township 4 South, Range 4 East, Salt Lake Base and Meridian; thence
Northalong a fence line a distance of 170 feet; thence East 168.42 feet more
or less to the East bank of Murdock canal, thence South 09'06'03" East along
the East bank of the Murdock Canal a distance of 172.17 feet; thence West a
distance of 195.65 feet to the point of beginning.

BASIS OF BEARING for this Survey was established from the "State Coordinate
and dependent resurvey of portions of Township 3 South, Range 5 East, Salt
Lake Base and Meridian" of the Wasatch County records. All bearings shown are
relative to grid North in conformance with the Wasatch County coordinate
system.

(Parcel 2)
BEGINNING North 170 feet from the Wasatch County Monument for the South 1/4
corner of Section 14, Township 4 South, Range 4 East, Salt Lake Base &
Meridian; thence North along a fence line a distance of 210.66 feet; thence
East a distance of 119.18 feet to the West bank of the Charleston upper canal;
thence North 01'04'44" East along the West bank of said canal a distance of
44.18 feet to the point of intersection with the East bank of the Murdock
canal; thence South 55'43'06" East along the East bank of the Murdock canal a
distance of 27.18 feet; thence South 05'50'J6" East along the East bank of
the Murdock canal a distance of 29.01 feet; thence East a distance of 17.97
feet to the West edge of a road; thence South 07'12'22" East along the West
edge of said road a distance of 212.33 feet; thence West a distancce of 190.03
feet to the point of beginning.

BASIS OF BEARING for this Survey was established from the "State Coordinate
and dependent resurvey of portions of Township 3 South, Range 5 East, Salt
Lake Base and Meridian" of the Wasatch County Records. All bearings shown are
relative to grid North in conformance with the Wasatch County coordinate
system.


THIS conveyance is made and accepted subject to a Deed of Trust in favor of
BETH KLUNGERVICK, recorded 10/3/89 as Entry No. 150063 in Book 212 at Page
478-479 of Official Records, having an unpaid principal balance of $61,599.69
as 2/29/96 wich Deed of Trust and the debt secured therby the Grantors agrees to
continue to pay in accordance with the terms of the ALL-INCLUSIVE TRUST DEED and
ALL-INCLUSIVE PROMISSORY NOTE by and between the parties hereto.


TOGETHER with all improvements thereon and appurtenances thereunto belonging.

SUBJECT to easements, restrictions, reservations, and rights of way appearing of record.


OCH-0091-1
OCH-0091

This Deed of Trust is for the purpose of securing: 1. Payment of the indebtedness in the principal sum of $ *108,569.70*
evidenced by that certain promissory note of even date herewith made by Trustor, or any one of them, payable to Beneficiary or
order, and any extension or renewal thereof, which promissory note is substantially in the following form; 2. Performance of
each agreement of Trustor contained or incorporated herein by reference; 3. Payment of such sums as may be advanced by
Beneficiary or Trustee to protect the security in accordance with the terms of this Deed of Trust, plus interest thereon at the
rate set forth in said promissory note; and 4. Payment of such further sums as may be advanced by Beneficiary when evidenced
by another promissory note (or promissory notes) reciting it is so secured.

Ent 342264 Bk 0977 Pg 1768

# PROMISSORY NOTE - STRAIGHT - SECURED BY DEED OF TRUST

$ *108,569.70*     *Heber City*, *Utah*     *November 20* *2008*
(City)     (STATE)     (DATE)

_____ after date, for value received, the undersigned maker(s) promise(s) to pay to
(NUMBER OF DAYS, MONTHS AND/OR YEARS)

*VICTORIA M. RODRIGUEZ*
*321 W. OAK ST. UVALDE, TX 78801*                            , or order

at _____

the sum of *ONE HUNDRED EIGHT THOUSAND FIVE HUNDRED SIXTY-NINE AND SEVENTY CENTS* DOLLARS,

with interest from *NOVEMBER 20, 2008* _____ on the unpaid principal at the rate of

*8%* percent per annum, payable *UPON THE SALE OF HOME SECURING THIS NOTE*.

Should interest not be paid when due, it shall thereafter bear like interest as the principal, but such unpaid interest so
compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law.
Should default be made in payment of interest when due, the whole sum of principal and accrued interest shall become
immediately due, without notice, at the option of the holder of this note. Interest after maturity will accrue at the rate indicated
above. Principal and interest are payable in lawful money of the United States. Each maker will be jointly and severally liable,
and consents to the acceptance of security or substituted security for this note, and waives presentment, demand and protest
and the right to assert any statute of limitations. A married person who signs this note agrees that recourse may be had against
his/her separate property for any obligation contained herein. If any action be instituted on this note, the undersigned
promise(s) to pay such sum as the Court may fix as attorney's fees. **This Note is secured by a Deed of Trust of even
date herewith.**

*MARIA ELSA KNIGHT*     _____
*Maria Elsa Knight*     _____

**To protect the security of this Deed of Trust, Trustor agrees:**

(1)  To keep the property in good condition and repair; not to remove, substantially alter or demolish any building thereon; to
complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed
thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting the
property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit,
suffer or permit any act upon the property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts
which from the character or use of the property may be reasonably necessary, the specific enumerations herein not excluding the
general.

(2)  To provide, maintain and deliver to Beneficiary fire and, if required by Beneficiary, other insurance satisfactory to and with
loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any
indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so
collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice
of default hereunder or invalidate any act done pursuant to such notice.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of
Beneficiary or Trustee; and to the extent permitted by law, to pay all costs and expenses, including the cost of evidence of title and
attorney's fees, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary
to foreclose this Deed of Trust or enforce the rights of Beneficiary or Trustee hereunder.

(4)  To pay: at least ten days before delinquency all taxes and assessments affecting the property, including assessments on
appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on the property or any part thereof, which
appear to be prior or superior hereto; and all costs, fees and expenses of this Trust to the extent permitted by law.

(5)  Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without
obligation to do so, and without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may:
make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary

RECORD PAGES 1, 2, 3 & 4 ONLY, Page 2 of 6

E# 342264 Bk 0977 Pg 1769

or Trustee being authorized to enter upon the property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)   To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the terms of this Deed of Trust, with interest from date of expenditure at the rate set forth in the aforesaid promissory note.

(7)   That any award of damages in connection with any condemnation for public use or injury to said property or any part thereof is hereby assigned and shall be paid to beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)   That at any time, or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said promissory note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of the property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10)   That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said promissory note to Trustee for cancellation and retention and upon repayment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(11)   That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during continuance of these Trusts, to collect the rents, issues and profits of the property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of the property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the property, which notice Trustee shall cause to be filed for record.  Beneficiary shall also deposit with Trustee this Deed of Trust, said promissory note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust to the extent permitted by law, including the cost of evidence of title in connection with such sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate set forth in the aforesaid promissory note; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

Immediately after such sale, Trustor shall surrender possession of the property to the purchaser, in the event possession has not previously been surrendered by Trustor, and upon failure to vacate the property, Trustor shall pay to the purchaser the reasonable rental value of the property, and/or at purchaser's option, may be dispossessed in accordance with the law applicable to tenant's holding over.

(13)   That Trustor, or if the property shall have been transferred, the then record owner, together with Beneficiary, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by each and recorded in the office of the recorder of the county or counties where the property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded, the name and address of the new Trustee, and such other matters as may be required by law.  If notice of default shall have been recorded, this

RECORD PAGES 1, 2, 3 & 4 ONLY, Page 3 of 6

Ent 342264 Bk 0977 Pg 1770

power of substitution cannot be exercised until after the death, loss, or resignation of the Trustee above named, and the fees of the first Trustee have been paid to such Trustee, who shall endorse receipt thereon much instead of substitution. The procedure herein provided for substitution of Trustees shall be exclusive of all other provisions for substitution, statutory or otherwise, to the extent permitted by law.

(14)   That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the promissory note secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural, and all obligations of each Trustor hereunder are joint and several.

(15)   That Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

(16)   Without affecting the liability of Trustee or of any other party now or hereafter bound by the terms hereof for any obligation secured hereby, Beneficiary may, from time to time and with or without notice as he shall determine, release any person now or hereafter liable for the performance of such obligation, extend the time for payment or performance, accept additional security, and alter, substitute or release any security.

(17)   Trustee or Beneficiary may enter upon and inspect the premises at any reasonable time.

(18)   No remedy hereby given to Beneficiary or Trustee is exclusive of any other remedy hereunder or under any present or future law. No delay on the part of Trustee or Beneficiary in enforcing their respective rights or remedies hereunder shall constitute a waiver thereof.

(19)   Trustor waives the right to assert at any time any statute of limitations as a bar to any action brought to enforce any obligation hereby secured.

(20)   Should Trustor, without Beneficiary's written consent, voluntarily sell, transfer or convey his interest in the property or any part thereof, or if by operation of law, it be sold, transferred or conveyed, then Beneficiary may, at its option, declare all sums secured hereby immediately due and payable. Consent to one such transaction shall not be deemed to be a waiver of the right to require such consent of future or successive transactions.

(21)   The invalidity or unenforceability of any provision herein shall not affect the validity and enforceability of any other provision.

Each undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder shall be mailed to him at the address hereinabove set forth.

_MARIA ELSA KNIGHT_

_Maria Elsa Knight_                                    _____

STATE OF _UTAH_                                         _____

COUNTY OF _WASATCH_

_Nov 2008_

On _20_ before me, _Nelson A. Carter_
              (NAME/TITLE, I.E. "JANE DOE, NOTARY PUBLIC")

personally appeared _Maria Elsa Knight_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Nelson A. Carter_
        (SIGNATURE)

NOTARY PUBLIC
**NELSON A CARTER**
81 East Center
Heber City, UT 84032
My Commission Expires
August 17, 2009
STATE OF UTAH

(SEAL)

RIGHT THUMBPRINT (Optional)     RIGHT THUMBPRINT (Optional)
TOP OF THUMB HERE               TOP OF THUMB HERE

**CAPACITY CLAIMED BY SIGNER(S)**
☐ INDIVIDUAL(S)
☐ CORPORATE _____
                        (TITLES)
☐ PARTNER(S)   ☐ LIMITED
               ☐ GENERAL

☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER _____

**SIGNER IS REPRESENTING:**
(NAME OF PERSON(S) OR ENTITY(IES)):
_____
_____

**DO NOT RECORD**          Ent 342264 Bk 0977 Pg 1771

**REQUEST FOR FULL RECONVEYANCE**
To be used only when note has been paid.

To _____, Trustee      Dated _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied, and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you thereunder.

MAIL RECONVEYANCE TO:

_____          _____

_____          _____

    Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.

Before you use this form, fill in all blanks, and make whatever changes are appropriate and necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. Wolcotts makes no representation or warranty, express or implied, with respect to the merchantability or fitness of this form for an intended use or purpose.

RECORD PAGES 1, 2, 3 & 4 ONLY, Page 5 of 6

# Loan Amortization Schedule

**Enter values**

| | |
|---|---|
| Loan amount | $ 80,000.00 |
| Annual interest rate | 8.00 % |
| Loan period in years | 8 |
| Number of payments per year | 12 |
| Start date of loan | 7/1/2000 |
| Optional extra payments | $ |

**Loan summary**

| | |
|---|---|
| Scheduled payment | $ 1,130.93 |
| Scheduled number of payments | 96 |
| Actual number of payments | 96 |
| Total early payments | - |
| Total interest | $ 28,569.70 |

**Lender name:**

| Pmt No. | Payment Date | Beginning Balance | Scheduled Payment | Extra Payment | Total Payment | Principal | Interest | Ending Balance | Cumulative Interest |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 8/1/2000 | $ 80,000.00 | $ 1,130.93 | $ | $ 1,130.93 | $ 597.60 | $ 533.33 | $ 79,402.40 | $ 533.33 |
| 2 | 9/1/2000 | 79,402.40 | 1,130.93 | | 1,130.93 | 601.59 | 529.35 | 78,800.81 | 1,062.68 |
| 3 | 10/1/2000 | 78,800.81 | 1,130.93 | | 1,130.93 | 605.60 | 525.34 | 78,195.22 | 1,588.02 |
| 4 | 11/1/2000 | 78,195.22 | 1,130.93 | | 1,130.93 | 609.63 | 521.30 | 77,585.59 | 2,109.32 |
| 5 | 12/1/2000 | 77,585.59 | 1,130.93 | | 1,130.93 | 613.70 | 517.24 | 76,971.89 | 2,626.56 |
| 6 | 1/1/2001 | 76,971.89 | 1,130.93 | | 1,130.93 | 617.79 | 513.15 | 76,354.10 | 3,139.71 |
| 7 | 2/1/2001 | 76,354.10 | 1,130.93 | | 1,130.93 | 621.91 | 509.03 | 75,732.19 | 3,648.73 |
| 8 | 3/1/2001 | 75,732.19 | 1,130.93 | | 1,130.93 | 626.05 | 504.88 | 75,106.14 | 4,153.61 |
| 9 | 4/1/2001 | 75,106.14 | 1,130.93 | | 1,130.93 | 630.23 | 500.71 | 74,475.91 | 4,654.32 |
| 10 | 5/1/2001 | 74,475.91 | 1,130.93 | | 1,130.93 | 634.43 | 496.51 | 73,841.48 | 5,150.83 |
| 11 | 6/1/2001 | 73,841.48 | 1,130.93 | | 1,130.93 | 638.66 | 492.28 | 73,202.83 | 5,643.10 |
| 12 | 7/1/2001 | 73,202.83 | 1,130.93 | | 1,130.93 | 642.92 | 488.02 | 72,559.91 | 6,131.12 |
| 13 | 8/1/2001 | 72,559.91 | 1,130.93 | | 1,130.93 | 647.20 | 483.73 | 71,912.71 | 6,614.86 |
| 14 | 9/1/2001 | 71,912.71 | 1,130.93 | | 1,130.93 | 651.52 | 479.42 | 71,261.19 | 7,094.27 |
| 15 | 10/1/2001 | 71,261.19 | 1,130.93 | | 1,130.93 | 655.86 | 475.07 | 70,605.33 | 7,569.35 |
| 16 | 11/1/2001 | 70,605.33 | 1,130.93 | | 1,130.93 | 660.23 | 470.70 | 69,945.10 | 8,040.05 |
| 17 | 12/1/2001 | 69,945.10 | 1,130.93 | | 1,130.93 | 664.63 | 466.30 | 69,280.47 | 8,506.35 |
| 18 | 1/1/2002 | 69,280.47 | 1,130.93 | | 1,130.93 | 669.06 | 461.87 | 68,611.40 | 8,968.22 |
| 19 | 2/1/2002 | 68,611.40 | 1,130.93 | | 1,130.93 | 673.52 | 457.41 | 67,937.88 | 9,425.63 |
| 20 | 3/1/2002 | 67,937.88 | 1,130.93 | | 1,130.93 | 678.02 | 452.92 | 67,259.86 | 9,878.55 |
| 21 | 4/1/2002 | 67,259.86 | 1,130.93 | | 1,130.93 | 682.54 | 448.40 | 66,577.33 | 10,326.95 |
| 22 | 5/1/2002 | 66,577.33 | 1,130.93 | | 1,130.93 | 687.09 | 443.85 | 65,890.24 | 10,770.80 |
| 23 | 6/1/2002 | 65,890.24 | 1,130.93 | | 1,130.93 | 691.67 | 439.27 | 65,198.58 | 11,210.07 |
| 24 | 7/1/2002 | 65,198.58 | 1,130.93 | | 1,130.93 | 696.28 | 434.66 | 64,502.30 | 11,644.72 |
| 25 | 8/1/2002 | 64,502.30 | 1,130.93 | | 1,130.93 | 700.92 | 430.02 | 63,801.38 | 12,074.74 |
| 26 | 9/1/2002 | 63,801.38 | 1,130.93 | | 1,130.93 | 705.59 | 425.34 | 63,095.79 | 12,500.08 |
| 27 | 10/1/2002 | 63,095.79 | 1,130.93 | | 1,130.93 | 710.30 | 420.64 | 62,385.49 | 12,920.72 |
| 28 | 11/1/2002 | 62,385.49 | 1,130.93 | | 1,130.93 | 715.03 | 415.90 | 61,670.46 | 13,336.62 |
| 29 | 12/1/2002 | 61,670.46 | 1,130.93 | | 1,130.93 | 719.80 | 411.14 | 60,950.66 | 13,747.76 |
| 30 | 1/1/2003 | 60,950.66 | 1,130.93 | | 1,130.93 | 724.60 | 406.34 | 60,226.07 | 14,154.10 |
| 31 | 2/1/2003 | 60,226.07 | 1,130.93 | | 1,130.93 | 729.43 | 401.51 | 59,496.64 | 14,555.60 |
| 32 | 3/1/2003 | 59,496.64 | 1,130.93 | | 1,130.93 | 734.29 | 396.64 | 58,762.35 | 14,952.25 |
| 33 | 4/1/2003 | 58,762.35 | 1,130.93 | | 1,130.93 | 739.19 | 391.75 | 58,023.16 | 15,344.00 |
| 34 | 5/1/2003 | 58,023.16 | 1,130.93 | | 1,130.93 | 744.11 | 386.82 | 57,279.05 | 15,730.82 |
| 35 | 6/1/2003 | 57,279.05 | 1,130.93 | | 1,130.93 | 749.07 | 381.86 | 56,529.98 | 16,112.68 |
| 36 | 7/1/2003 | 56,529.98 | 1,130.93 | | 1,130.93 | 754.07 | 376.87 | 55,775.91 | 16,489.55 |

Ent 342264 Bk 0977 Pg 1773

| Pmt No. | Payment Date | Beginning Balance | Scheduled Payment | Extra Payment | Total Payment | Principal | Interest | Ending Balance | Cumulative Interest |
|---|---|---|---|---|---|---|---|---|---|
| 88 | 11/1/2007 | 9,847.26 | 1,130.93 | - | 1,130.93 | 1,065.29 | 65.65 | 8,781.97 | 28,304.20 |
| 89 | 12/1/2007 | 8,781.97 | 1,130.93 | - | 1,130.93 | 1,072.39 | 58.55 | 7,709.59 | 28,362.74 |
| 90 | 1/1/2008 | 7,709.59 | 1,130.93 | - | 1,130.93 | 1,079.54 | 51.40 | 6,630.05 | 28,414.14 |
| 91 | 2/1/2008 | 6,630.05 | 1,130.93 | - | 1,130.93 | 1,086.73 | 44.20 | 5,543.31 | 28,458.34 |
| 92 | 3/1/2008 | 5,543.31 | 1,130.93 | - | 1,130.93 | 1,093.98 | 36.96 | 4,449.34 | 28,495.29 |
| 93 | 4/1/2008 | 4,449.34 | 1,130.93 | - | 1,130.93 | 1,101.27 | 29.66 | 3,348.06 | 28,524.96 |
| 94 | 5/1/2008 | 3,348.06 | 1,130.93 | - | 1,130.93 | 1,108.61 | 22.32 | 2,239.45 | 28,547.28 |
| 95 | 6/1/2008 | 2,239.45 | 1,130.93 | - | 1,130.93 | 1,116.00 | 14.93 | 1,123.44 | 28,562.21 |
| 96 | 7/1/2008 | 1,123.44 | 1,130.93 | - | 1,123.44 | 1,115.96 | 7.49 | 0.00 | 28,569.70 |